UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAIN DIN WASHINGTON, Jr., | No. 2:25-cv-2992 DC AC PS |
| Plaintiff, | |
| v. | ORDER |
| HONEYCOMB PROGRAMS INC., GREGORY REID, and ITAI BENZAKEN, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The case was accordingly referred to the undersigned for pretrial purposes by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will be granted.

Upon screening the complaint, however, the court finds that federal jurisdiction is lacking because plaintiff asserts only a state law claim. Accordingly, the complaint will not be served. Because the facts alleged in the complaint suggest the possible existence of analogous federal claims, however, plaintiff will be given the opportunity to file an amended complaint that properly invokes federal question jurisdiction.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally

1

"frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

1  624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
2  to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
3  556 U.S. 662, 678 (2009).

4      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
5  state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has
6  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
8  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
9  to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v.
10 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
11 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

12     B.    The Complaint

13     The complaint alleges that plaintiff was a Honeycombs employee when Reid, his
14 manager, verbally harassed him on October 15, 2024. ECF No. 1 at 5. Specifically, Reid
15 commented that his favorite team in the Women's National Basketball Association ("WNBA")
16 should "recruit common citizens from Africa". Id. He said it was a joke when plaintiff
17 confronted him. Plaintiff reported this joke to the Vice-President of Operations on October 24,
18 2024, arguing that the joke demonstrated animosity towards plaintiff's race insofar as it relied on
19 the stereotype that people of color are athletic. Id. Plaintiff was fired soon thereafter. Id.

20     On July 15, 2025, the California Civil Rights Department ("CRD") exercised its discretion
21 to close plaintiff's complaint against Honeycomb without determining whether Reid's joke or
22 plaintiff's termination violated California's Fair Employment and Housing Act ("FEHA"). Id. at
23 7. It therefore gave plaintiff notice of his right to sue under California Government Code §
24 12965. Id. This letter also informed plaintiff that his CRD complaint had been dual-filed with
25 the United States Equal Employment Opportunity Commission, whom plaintiff could petition to
26 review CRD's decision to close the case. Id.

27     The complaint alleges federal subject matter jurisdiction based solely on plaintiff's claim
28 under FEHA. Id. at 4. Plaintiff seeks backpay calculated from the October 25, 2024 filing date

3

of his CRD complaint to the date he filed this action, October 16, 2025.  Id. at 6.  He also seeks six months' front pay calculated from the same October 2025 filing date.  Id.  Based on a monthly salary of $7,916, requested damages therefore total $134,580.  Id.

C. Discussion

1. Federal Jurisdiction

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "arise under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

Plaintiff has failed to establish that this court has subject matter jurisdiction, based either on diversity of parties or federal question.  See Fed. R. Civ. P. 8(a)(1) (requiring that complaint establish basis for jurisdiction).  As both plaintiff and all named defendants are California citizens (ECF No. 1 at 2-3), this case does not qualify for diversity jurisdiction.  Although plaintiff invokes federal question jurisdiction, id. at 3, the only cause of action referenced in the complaint arises under FEHA, id. at 4.  FEHA is a California state law, and federal question jurisdiction exists only where at least one claim in the complaint arises under federal law.  Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1413-1414 (9th Cir. 1990).

Because the complaint as pleaded fails to provide a basis for federal question jurisdiction, it cannot be served.  However, because the complaint suggests that plaintiff may intend to bring a federal claim for employment discrimination, he will be permitted to file an amended complaint that attempts to cure the jurisdictional defect.

2. Title VII

Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing] … against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42

4

U.S.C. § 2000e-2(a)(1).  Among other things, Title VII prohibits both retaliation and, in some cases, harassment.

        a.   <u>Retaliation</u>

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must plead facts demonstrating that: (1) he engaged in a protected activity under Title VII; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision.  <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1064 (9th Cir. 2002).  Filing an internal complaint to upper management about coworker misconduct is a form of protected activity, provided that the plaintiff reasonably believed that the employment practice he contested was prohibited under Title VII.  See <u>Trent v. Valley Elec. Ass'n Inc.</u>, 41 F.3d 524, 526 (9th Cir. 1994); <u>Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.</u>, 957 F.2d 59, 65 (2d Cir. 1992).

Plaintiff alleges that he reported Reid's racist comment to a supervisor, the Vice President of Operations, and was fired as a result.  ECF No. 1 at 5.  He also alleges that he believed the comment was motivated by racial animosity.  <u>Id.</u> at 5.  Accordingly, reporting the comment could constitute protected activity.  If plaintiff wishes to assert a claim for retaliation under Title VII, he may attempt to do so in an amended complaint.

        b.   <u>Hostile Work Environment</u>

Title VII prohibits the creation of a hostile work environment, where "the workplace is permeated with discriminatory intimidation, ridicule, and insult ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993).  Harassment violates Title VII when it rises to the level of a hostile work environment.  <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 78 (1998).  Plaintiff alleges that he was verbally harassed.  ECF No. 1 at 5.

To establish a prime facie case for a hostile work environment under Title VII, a plaintiff must plead: (1) he was subjected to verbal or physical conduct based on a protected class; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the

5

1  conditions of his employment and create an abusive working environment. Surrell v. Cal. Water
2  Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008). Courts consider all of the circumstances in
3  determining whether these criteria are met, "including the frequency of the allegedly
4  discriminatory conduct, its severity, and whether it unreasonably interferes with an employee's
5  work performance." Id. In determining whether conduct was sufficiently severe to constitute a
6  Title VII claim, "[c]ontext matters. Workplace conduct is to be viewed cumulatively and
7  contextually, rather than in isolation. This approach makes common sense in order to screen out
8  one-off, isolated events and yet benchmark conduct in the context of a specific workplace."
9  Sharp v. S&S Activewear, L.L.C., 69 F.4th 974, 978 (9th Cir. 2023) (internal citations omitted).
10 "The question is whether the alleged offensive conduct was sufficiently severe *or* pervasive to
11 alter the conditions of employment." Equal Emp. Opportunity Comm'n v. Tesla, Inc., 727 F.
12 Supp. 3d 875, 890 (N.D. Cal. 2024) (emphasis original). "In evaluating the significance of the
13 statements in question, we consider the objective hostility of the workplace from the perspective
14 of the plaintiff." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1115 (9th Cir. 2004).
15 "[A]llegations of a racially hostile workplace must be assessed from the perspective of a
16 reasonable person belonging to the racial or ethnic group of the plaintiff." Id.

17      Plaintiff alleges, or at least implies, that he is an African American who felt personally
18 attacked by Reid's comment that people of color are inherently good at basketball. See ECF No.
19 1 at 5. A single comment from one manager reflecting a racial stereotype is insufficient, without
20 more, to demonstrate pervasive conduct creating a hostile work environment. However, if
21 plaintiff is aware of additional facts that could support a hostile work environment claim, he may
22 add such a claim in an amended complaint.

23      3. Benzaken as a Defendant

24      It is unclear from the face of the complaint why plaintiff lists Itai Benzaken as a
25 defendant. None of the allegations of wrongdoing concern Benzaken, and the complaint lists him
26 only as "agent of service." ECF No. 1 at 3, 5. This suggests that plaintiff has named him based
27 on a misconception that the agent of service for a corporate defendant is also a party to the action.
28 In any event, the complaint does not suggest any basis for awarding damages or other relief as

6

against Benzaken. In amending the complaint, plaintiff should identify as defendants only those persons and entities who are alleged to have violated plaintiff's rights and against whom he seeks relief.

4. Supplemental Jurisdiction

Should an amended complaint provide a proper basis for federal question jurisdiction, then it may also include related state law claims such as plaintiff's cause of action under FEHA. The federal court may exercise supplemental jurisdiction over state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

5. Conclusion

The complaint before the court is not suitable for service because it fails to establish that the federal court has subject matter jurisdiction over this action. However, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here the allegations of the complaint suggest that plaintiff may be able to bring a federal claim that would support jurisdiction. Accordingly, plaintiff will be provided an opportunity to file an amended complaint that includes a federal claim and names as defendants only those from whom plaintiff seeks relief.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. To invoke the court's federal question jurisdiction, the amended complaint must include at least one claim based on a federal law. In addition, it must contain a short and plain statement of each of plaintiff's claims. Each cause of action should be clearly identified, and multiple causes of action should be consecutively numbered.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own

number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete. Any amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

III. PRO SE PLAINTIFF'S SUMMARY

You are being granted in forma pauperis status and do not have to pay the filing fee. However, because this court does not have jurisdiction over a FEHA claim unless there is also a federal claim, your case cannot proceed. For the federal court to exercise jurisdiction, you must file an amended complaint that includes a federal claim such as a claim under Title VII. In deciding whether and how to amend, you should consider the information provided above about Title VII and about amendment. An amended complaint should name as defendants only those persons and entities who you believe violated your legal rights and against whom you seek relief.

You are being given 30 days to submit an amended complaint. If you do not submit an amended complaint by the deadline, the magistrate judge will recommend that the case be dismissed.

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: January 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE